ALBANY,
Jan. 1835.

Parker
v.
Walrod.

---

## PARKER *vs.* WALROD.

Where a party becomes possessed of the property of another, for instance a wagon, and changes part of its appendages, by substituting whiffletrees and clevices for those attached to it when it came into his possession, and the owner *repossesses* himself of the wagon, without knowledge of the change in its appendages, *trespass* cannot be maintained against him for the substituted articles ; the remedy of the party, if any, is by action of *trover.*

Where, in such case, *trespass* was brought, and the defendant justified as a constable under attachments issued by a justice of the peace, and the plaintiff objected *generally* to proof of the attachments, which were notwithstanding received in evidence on the trial of the cause in a justice's court, *it was held* that the plaintiff below, on suing out a *certiorari,* removing the cause into the common pleas, had no right to object to the attachments on the *specific* ground that the constable ought to have produced the preliminary proofs to the suing out of the attachments ; and the common pleas having reversed the judgment of the justice for that cause, this court reversed the judgment of the common pleas.

Whether, in an action of trespass *by a stranger* against an officer, for tak-
ing property by virtue of process from a court of limited jurisdiction, it
is necessary for the officer to show the process legally issued ; or wheth-
er it is enough that the process *on its face* appears to have been regular-
ly issued—*quere.*

ALBANY,
Jan. 1835.

Parker
v.
Walrod.

ERROR from the Onondaga common pleas. Parker sued
Waldron in a justice's court, and declared against him *in tres-
pass,* for taking and carrying away a pair of clevices and a
pair of whiffletrees. The defendant pleaded *not guilty,* and
gave notice that he would prove on the trial that if he took
the clevices and whiffletrees, he took them in consequence of
the plaintiff having wrongfully exchanged them for those on
a wagon belonging to him, and to which he had the right of
possession. It appeared on the trial that the defendant, as a
constable, by virtue of attachments issued from a justice's
court, had levied on a wagon with clevices and whiffletrees
attached to it, as the property of one *Godfrey,* the defendant in
the attachments ; that subsequently, the wagon thus levied
upon came to the possession of the plaintiff in this suit, and
while in his possession, a servant of his took off the clevices
and whiffletrees attached to the wagon when levied upon by
Waldrod, and attached other clevices and whiffletrees belong-
ing to the plaintiff; after which Walrod repossessed himself of
the wagon, with the clevices and whiffletrees of the plaintiff
attached to it ; and for such taking this suit was brought. On
the trial of the cause, the defendant proved that he was a con-
stable, and produced the attachments against Godfrey, by vir-
tue of which he originally took the wagon. The plaintiff
objected to the introduction of the attachments in evidence,
but the justice overruled the objection. The cause was tried
by a jury, who found no cause of action, upon which the jus-
tice rendered judgment against the plaintiff of costs. The
common pleas of Onondaga *reversed* the judgment of the jus-
tice, and the defendant below sued out a writ of error.

*J. R. Lawrence,* for the plaintiff in error, insisted that the
act complained of in the suit before the justice was not, under
the circumstances of the case, a *trespass ;* and secondly, that
the common pleas erred in reversing the judgment of the jus-

tice ; which reversal he alleged proceeded on the ground that the constable should have produced the preliminary proofs authorizing the issuing of the attachments. He contended that the common pleas ought not so to have decided, because it did not appear from the record that the attachments were objected to on that ground in the suit before the justice; and had such objection been made, it might have been obviated by the production of the necessary proofs. Again ; he insisted that without such proof the attachments were properly received in evidence, according to rule established in *Savacool* v. *Boughton,* 5 *Wendell,* 170.

*G. A. Stansbury,* for the defendant in error, admitted, that in an action against a sheriff or other officer, for the tortious taking of property by virtue of process regular on its face, and not showing a want or excess of jurisdiction, the officer is protected, and the authority for issuing the process need not be averred or proved,*where the party against whom the process issues is the plaintiff* in the suit ; but he contended that in an action *by a stranger against the officer,* the officer, in justifying under the writ, is bound to aver and prove the judgment or other authority for issuing it. In support of this position, he cited 5 *Burr.* 2631, 2 *Johns. R.* 46, 10 *Wendell,* 128, 2 *Phil. Ev.* 294, 2 *Johns. R.* 280. 7 *id.* 535, 2 *id.* 462, 8 *id.* 52, 14 *id.* 84, 2 *Wendell,* 419, 4 *id.* 568, 9 *Wentworth's Pl.* 53, 3 *Chitty's Pl.* 1134.

*By the Court,* SUTHERLAND, J. Trespass will not lie under the circumstances of this case. The right of Walrod to take the wagon is not contested ; at least the plaintiff pretends to no right to the wagon, and founds his action exclusively upon the taking of the whiffletrees and clevices, which are conceded to have been his ; but having substituted his own for those which belonged to the wagon and were upon it when he took it, without the knowledge of the defendant, the defendant was not a trespasser for taking them with the wagon. Suppose the case put by the counsel, that Parker had taken out the linch-pins belonging to the wagon, and had substituted others for them; or had changed one of the bottom

boards, or end boards, or had put in a new king-bolt, or any other change not so obvious as to attract the attention of the officer, can it be endured that he should be held liable as a trespasser for taking these things thus attached to the wagon by Parker himself or his servant, in their own wrong. They ought to be considered as incident to the principal thing the wagon ; and having a right to take that, the officer cannot be a trespasser for taking them. The action of *trover* affords the party under such circumstances all the remedy which he ought to have. The officer must then have notice of the claim, and upon demand made, can restore what does not belong to him, without being subjected to the costs of a suit.

The plaintiff below objected to the introduction and proof by the defendant of the attachments against Godfrey, in general terms. He did not specify the grounds of his objection. He did not object that the preliminary proceedings should be proved, in order to show the jurisdiction of the justice and the regularity of the attachment. The objection undoubtedly was, as the argument here is, that the attachment against Godfrey could afford no protection of justification for seizing the whiffletrees and clevices which were admitted to belong to the plaintiff, and were taken from his possession. It is unnecessary to decide, therefore, whether under the circumstances of this case, it would have been necessary to have proved the preliminary proceedings, which were in the nature of a judgment, if the objection had been specifically taken. There are some nice distinctions upon this point. *Vide* 5 *Burr.* 2631, *and* 2 *Johns. R.* 46 ; *Contra*, 6 *Johns. R.* 195, 2 *Saund.* 47, *n.* 1, 7 *Johns. R.* 32, 8 *Wendell*, 447.

The common pleas erred, and their judgment must be reversed.